# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ANTONIO R. JENNINGS #1571157 | § |
| | § |
| V. | §    A-10-CA-689-LY |
| | § |
| FRANCINE BROWN | § |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's more definite statement (Document No. 9); Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Document No. 23); and Plaintiff's response thereto (Document No. 30). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons discussed below, summary judgment should be granted.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Bartlett State Jail, a correctional facility operated by Corrections Corporation of America. He was subsequently released. Plaintiff files this action pursuant to 42 U.S.C. § 1983. He alleges he was slapped and punched on the left side of his face and neck by Defendant Francine Brown, a supervisory food service worker at the Bartlett State Jail. In his more definite statement Plaintiff indicates the alleged assault resulted in an extreme headache and high blood pressure. Plaintiff asserts the injuries continue to cause pain and suffering. Plaintiff requests an unspecified amount of monetary damages for pain and suffering and punitive damages.

Defendant moves to dismiss the case or for summary judgment arguing Plaintiff has failed to exhaust his administrative remedies. Plaintiff responds he exhausted his administrative remedies by reporting the incident to Unit Warden Carmona, Captain Hernandez and Food Service Director Robert Apodaca. Plaintiff reports the incident was investigated and Brown was terminated. Plaintiff contends he exhausted his administrative remedies because Brown's termination informally resolved the incident.

## II. ANALYSIS

A. <u>Summary Judgment Standard</u>

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon

mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v.

---

[1]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Barton, 34 F.3d 298, 301 (5th Cir. 1994). As explained below, summary judgment should be granted. Because summary judgment is warranted, Defendant's Motion to Dismiss should be dismissed.

      B.     <u>Exhaustion of Administrative Remedies</u>

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The purposes of this exhaustion requirement are to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 89, 126 S. Ct. 2378 (2006) (quoting <u>McCarthy v. Madigan</u>, 503 U.S. 140, 145, 112 S. Ct. 1081 (1992)).

"The PLRA requires exhaustion of 'such administrative remedies as are available.'" <u>Jones v. Bock</u>, 549 U.S. 199, 217, 127 S. Ct. 910 (2007) (quoting § 1997e(a) and rejecting Sixth Circuit rule requiring claimant to name all defendants in initial grievance). Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules. <u>Woodford</u>, 548 U.S. at 89-93, 126 S. Ct. 2378. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." <u>Id.</u> at 83-84, 126 S. Ct. 2378.

The Texas prison system has a two-step formal grievance process. <u>Johnson v. Johnson</u>, 385 F.3d 503, 515 (5th Cir. 2004). "[A] prisoner must pursue a grievance through both steps for it to be considered exhausted." <u>Id.</u> (citing <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001)).

4

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones, 549 U.S. at 219, 127 S. Ct. 910. The amount of information necessary depends on the type of problem about which the inmate is complaining. Johnson, 385 F.3d at 517. The Fifth Circuit has noted that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Id. at 522. However, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and ... will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." Id. Thus, where an inmate complains of improper conduct by a guard, "the administrators responding to the grievance would want to know ... who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." Id. at 517.

Defendant has provided the Court with summary judgment evidence indicating Plaintiff filed no grievances during his confinement at the Bartlett State Jail. *See* Def. MSJ (Little Affidavit). In addition, Plaintiff admits on page three of his complaint that he has not exhausted the two-step grievance process.

Brown contends he exhausted his administrative remedies because Brown was terminated as a result of his informal grievance. However, Plaintiff does not request the termination of Brown in his civil rights complaint. Rather, Plaintiff seeks monetary relief, a request he did not present to officials at the Bartlett State Jail. As such, officials at the Bartlett State Jail have not had the opportunity to address Plaintiff's request. Accordingly, Plaintiff failed to exhaust his administrative remedies with regard to his claims. See Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819, 1825

(2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (plaintiff was required to exhaust administrative grievance procedure prior to bringing § 1983 action for deliberate indifference to serious medical needs even though he sought only monetary damages that were unavailable through the available grievance process). Because Plaintiff failed to exhaust his administrative remedies, summary judgment should be granted.

## III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant's Alternative Motion for Summary Judgment, **DISMISS** Defendant's Motion to Dismiss, and **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint for failure to exhaust his administrative remedies.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of June, 2011.

                                        ROBERT PITMAN
                                        UNITED STATES MAGISTRATE JUDGE